UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

──────────────────────────────x

ERICK ALMONTE ESPINAL;
JUAN FRAILYN ALMONTE ESPINAL;
JUAN ADONIS ALMONTE ESPINAL;
ANA MIRANDA ALMONTE ESPINAL;
ALISHA EMELY RODRIGUEZ BATISTA;
JUAN RAMON ALMONTE DIAZ;
ANA MARIA ESPINAL;
AND JHOAN ALBERTO MARCHENA GOMEZ

                    *Plaintiffs*,

- against -

**COMPLAINT AND JURY DEMAND**

**DKT: 25CV5089**

POLICE OFFICER O'CONNOR, POLICE OFFICER JESELSOM, SERGEANT PENA, AND UNKNOWN OFFICERS 4 THROUGH 25; and THE CITY OF NEW YORK

                    *Defendants*.

──────────────────────────────x

## NATURE OF ACTION

1. This is an action to recover money damages for the violation of Plaintiffs rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. Also raised are supplemental claims under the laws of the State of New York.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

3. This Court has jurisdiction over the federal claims pursuant to 28 U.S.C. §§ 1331, 1343(a)(3) and (4), and 42 U.S.C. §§ 1983 and 1988.

1

4. Plaintiffs invoke this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over any and all State law claims that are part of the same case or controversy giving rise to the federal claims and share the name nucleus of operative facts as the federal claims.

5. Venue is proper in the United States District Court for the Southern District of New York because the claims arose, and Plaintiffs reside, in this district. 28 U.S.C. §§ 1391(a)-(c) and 1402(b).

## CONDITION PRECEDENT TO SUPPLEMENTAL STATE CLAIMS

6. Plaintiffs have complied with all conditions precedent to the commencement of the supplemental state claims, having timely served on or about October 4, 2024 Notices of Claim for each individual Plaintiff upon the Defendant City Of New York pursuant to Section 50(e) of the New York General Municipal Law; more than 30 days having elapsed since said service without payment or adjustment; having had hearings for each individual Plaintiff pursuant to Section 50(h) of the New York General Municipal Law; and having brought this action in a timely manner.

## PARTIES

7. Plaintiff Erick Almonte Espinal (hereinafter "Erick") is, and was at all times relevant to this action, a resident of the Bronx, in the City and State of New York. At the time of this incident, Erick was 17 years old.

8. Plaintiff Juan Fraylin Almonte Espinal (hereinafter "Juan Fraylin") is, and was at all times relevant to this action, a resident of the Bronx, in the City and State of New York. At the time of this incident, Juan Fraylin was 19 years old

9. Plaintiff Ana Miranda Almonte Espinal (hereinafter "Ana Miranda") is, and was at all times relevant to this action, a resident of the Bronx, in the City and State of New York. At the time of this incident, Ana Miranda was 21 years old.

10. Plaintiff Juan Adonis Almonte Espinal (hereinafter "Juan Adonis") is and was at all times relevant to this action, a resident of the Bronx, in the City and State of New York. At the time of this incident, Juan Adonis was 24 years old.

11. Plaintiff Alisha Emely Rodriguez Batista (hereinafter "Alisha") is and was at all times relevant to this action, a resident of the Bronx. At the time of this incident, Alisha was 31 years old.

12. Plaintiff Ana Maria Espinal (hereinafter "Ana Maria") is and was at all times relevant to this action, a resident of the Bronx. At the time of this incident, Ana Maria was 42 years old.

13. Plaintiff Juan Ramon Almonte Espinal (hereinafter "Juan Ramon") is and was at all times relevant to this action, a resident of the Bronx. At the time of this incident, Juan Ramon was 60 years old.

14. Plaintiff Jhoan Alberto Marchena Gomez (hereinafter "Jhoan") is and was at all times relevant to this action, a resident of the Bronx. At the time of this incident, Jhoan was 17 years old.

15. Erick, Ana Miranda, Juan Fraylin, and Juan Adonis are siblings. Alisha and Juan Adonis are domestic partners. Juan Ramon and Ana Maria are married and are the parents of Erick, Ana Miranda, Juan Fraylin, and Juan Adonis. These individual Plaintiffs are referred to collectively as the "Almonte Family."

16. Jhoan is a close friend of Erick and of the Almonte family.

17. Defendant City Of New York ("City") is and was at all times relevant herein a municipal corporation existing under and by virtue of the laws of the State of New York, and having the powers and duties imposed by law thereon, situated in the Southern District of New

York.

18. At all times relevant to this action, defendant City, by its agents, servants, and employees was responsible for the operation, maintenance, and control of the New York City Police Department (NYPD), and the selection, training, supervision, evaluation, and disciplining of police officers and other NYPD employees.

19. Defendant Police Officer O'Connor (Tax ID: 961018) was at all relevant times herein, a duly appointed agent, employee, officer, and servant of the NYPD. Defendant O'Connor is being sued in his individual capacity and in his official capacity as a police officer of the NYPD.

20. Defendant Police Officer Jeselsom (Tax ID: 97112) was at all relevant times herein, a duly appointed agent, employee, officer, and servant of the NYPD. Defendant JESELSOM is being sued in his individual capacity and in his official capacity as a police officer of the NYPD.

21. Defendant Sergeant Pena was at all relevant times herein, a duly appointed agent, employee, officer, and servant of the NYPD operating out of the 52nd Precinct. Defendant PENA is being sued in his individual capacity and in his official capacity as a police officer of the NYPD.

22. Defendant Unknown Police Officers 4 through 25 were at all relevant times herein, duly appointed agents, employees, officers, and servants of the NYPD. They are being sued in their individual capacities and their official capacities as police officers of the NYPD.

23. Defendant Police Officers are sometimes referred to as "Individual Defendants."

24. At all relevant times herein, defendants acted jointly and in concert with each other. Each defendant had the duty and the opportunity to protect Plaintiffs from the unlawful actions of the other defendants, but each defendant failed and refused to perform such duty, thereby proximately causing Plaintiff's injuries.

**STATEMENT OF FACTS**

25. At about 7 PM on the evening of July 6, 2024 on the corner of 198th street and Valentine Avenue in the Bronx, Defendant Police Officers attacked and arrested the Almonte family and Jhoan Marchena for no legal or justifiable reason.

26. During this incident, Defendant Police Officers unlawfully seized, assaulted, battered, and falsely arrested Plaintiffs, employing unreasonable and excessive force, in violation of Plaintiffs' rights. The exact names and identities of all officers responsible are not currently known, except for the following: Defendants Officer O'Connor, Tax Id. No. 961018, Jeselsom, Tax Id. No. 97112, and SGT. Pena, of the 52 Precinct. The spelling of the officers' names and their Tax Ids are subject to revision.

27. Prior to the police misconduct, Plaintiffs Juan Adonis, Alisha Rodriguez, Erick, and Jhoan drove to a store on 198th street and Valentine Avenue in the Bronx so that Alisha could make a copy of the key to her apartment. Jhoan was driving the Almonte family vehicle, with the permission of Juan Ramon, the owner of the vehicle. Jhoan possessed a valid driver's license.

28. Jhoan parked the car legally on the corner of 198th street and Valentine Ave, turned the car off, and took the key out of the ignition. Alisha went into a 99 cent store to make a copy of her key. Jhoan then moved to the backseat of the car to talk to Erick. Juan Adonis moved to the driver's seat.

29. Approximately five minutes later, an unknown amount of Defendant Police Officers approached the vehicle on foot. They demanded that Juan Adonis, Erick, and Jhoan exit the vehicle even though they were doing nothing illegal. Without probable cause, lawful justification, or consent, the Defendant Police Officers then forcefully apprehended these Plaintiffs, removed them from the vehicle and handcuffed them.

30.     Alisha then exited the store and saw Juan Adonis, Erick, and Jhoan in handcuffs and surrounded by many Defendant Police Officers.  Alisha immediately called Ana Maria (Erick and Juan Adonis' mother) to inform her of what was happening on the street.  Plaintiffs Juan Ramon, Ana Maria, Ana Miranda, and Juan Fraylin immediately left the family apartment located at 198th Street and Grand Concourse.  They arrived at 198th and Valentine within minutes.

31.     Plaintiffs Alisha, Juan Ramon, Ana Maria, Ana Miranda, and Juan Fraylin inquired of the police as to why Juan Adonis, Erick, and Jhoan were under arrest.  The response by the Defendant Police Officers was aggressive, discourteous, and violent.

32.     Without probable cause, lawful justification, or consent Plaintiffs Juan Ramon, Ana Miranda, and Juan Fraylin were also arrested by Defendant Police Officers. Defendant Police Officers applied handcuffs to these Plaintiffs' wrists with extreme tightness. These Plaintiffs complained about the excessive tightness of the handcuffs, but the officers refused to loosen them.

33.     During the arrest, Plaintiffs Ana Miranda and Juan Fraylin were thrown to the ground and beaten as they pleaded with the Defendant Police Officers to stop.

34.     Ana Miranda was struck by Defendant Police Officers multiple times, including on her head which caused her to become dizzy, disoriented, and to go in and out of consciousness. She sustained a bump on her head, and cuts and scrapes on her feet and body.  During the arrest, Ana Miranda was dragged by Defendant Police Officers through a puddle on the street and her shoes were removed, causing her to be wet, barefoot, and cold for the remainder of her illegal detention.

35.     Defendant Police Officers violently and for no reason smashed Juan Frailyn against a bike rack.  Numerous Defendant Police Officers then piled on top of Juan Fraylin and pressed their weight against him while his body was pinned against the bike rack.  Defendant Police

Officers then proceeded to pummel and strike Juan Fraylin on his head and body, including his testicles.

36. Alisha, who was sixteen weeks pregnant at the time, was grabbed, pushed, and struck by Defendant Police Officers. At one point, police officers slammed her belly into a car door.

37. Defendant Police Officers grabbed and shoved Ana Maria, causing bruising and pain to her arms.

38. Without probable cause or any indication that plaintiffs did anything illegal, Defendant Police Officers loaded Plaintiffs Juan Adonis, Erick, Jhoan, Juan Ramon, Ana Miranda, and Juan Fraylin into police transport vehicles and took them to the 52nd police precinct.

39. The Plaintiffs were ridiculed, abused, and degraded by NYPD officers.

40. They were unlawfully searched and Ana Miranda Almonte Espinal and Erick Manuel Almonte Espinal were also unlawfully strip-searched. They all asked for, but were refused, medical attention. Defendant Police Officers unlawfully seized some of Plaintiffs' property and unlawfully searched and/or tampered with their cellular phones.

41. The vehicle that Juan Adonis, Erick, and Jhoan were in at the time of the incident, and which was owned by Juan Ramon, was seized and driven away from the scene by officers and damaged by them.

42. Ana Miranda was placed in a cell near adult male arrestees and denied access to bathroom facilities.

43. Erick and Jhoan, who were minors at the time, were placed in a cell with adult men, causing them to be unsafe and frightened.

44. During the time in NYPD custody, Plaintiffs were unlawfully deprived of contact

with people on the outside and were subjected to filthy, crowded, and unsanitary conditions of confinement.

45. Plaintiffs Erick, Juan Fraylin, Jhoan, Juan Ramon, and Ana Miranda were held at the precinct for approximately six hours before they were issued Desk Appearance Tickets (DATs). Plaintiff Juan Adonis was put through the system.

46. False disorderly conduct charges were issued at the precinct against Plaintiffs Erick, Juan Fraylin, Jhoan, Juan Ramon, and Ana Miranda. These charges were false because Plaintiffs did not act in a disorderly manner and did not do anything illegal prior to or during the aggressive confrontation by police officers. The following DAT/Summons numbers were issued: Juan Ramon Almonte # 4457814836; Juan Fraylin Almonte Espinal # 4578148194; Jhoan Alberto Marchena # 4457814840; Ana Miranda Almonte Espinal # 4457814822; and Erick Manuel Almonte Espinal # 4457814783.

47. False charges were brought against Juan Adonis, who never operated a vehicle but was rather just sitting in the driver's seat with the ignition off.

48. After DATs were issued, medics were called to the Almonte home. When the medics were assessing some of the Plaintiffs' injuries, Defendant Police Officers believed to be from the 52nd precinct arrived at the home. The Defendant Police Officers interfered, trying to minimize and derail the complaints that were being made about the Defendants' conduct and the causes of the injuries.

49. Ana Miranda, Juan Fraylin, Erick, and Alisha were treated at the hospital for various physical injuries as a result of being beaten and mistreated by the Defendant Police Officers.

50. Alisha required follow up treatment as a result of complications with her pregnancy

due to this incident.

51. Plaintiffs Erick, Juan Fraylin, Jhoan, Juan Ramon, and Ana Miranda had to appear in court on the false charges. On July 25, 2024, these Plaintiffs were notified that the charges brought against them by Defendant Police Officers were insufficient and their cases were dismissed.

52. All charges against Plaintiff Juan Adonis were dismissed.

## DAMAGES

53. As a direct and proximate result of defendants' actions, Plaintiffs suffered damages, including but not limited to:

    a. Violations of their constitutional rights under their Fourth, Fifth and Fourteenth Amendments to the United States Constitution;

    b. Violations of their constitutional rights under the New York State Constitution;

    c. Violation of various state torts;

    d. Physical injury, pain and suffering, and emotional injury; and

    e. Monetary damages in the form of medical expenses and lost wages.

## FIRST CLAIM FOR RELIEF

**False Arrest and False Imprisonment under 42 U.S.C. § 1983 (Individual Defendants) and New York State Law (all Defendants)**

54. Plaintiffs repeat and reallege each and every allegation contained in the preceding paragraphs as if fully set forth herein and further alleges as follows.

55. The Individual Defendants knowingly and intentionally arrested Plaintiffs and caused them to be restrained and confined without probable cause.

56. The Individual Defendants acted against Plaintiffs' conscious will and without their consent.

57. The Individual Defendants acted unlawfully, and without privilege or authority.

58. The Individual Defendants acted individually, in concert, and conspired together within the scope of their authority, and under color of law.

59. The Individual Defendants committed the state torts of false arrest and false imprisonment in violation of the laws of the State of New York and violated Plaintiffs' rights to be free of unreasonable and unlawful searches and seizures under Article I, § 12 of the New York State Constitution.

60. The City Of New York is liable to Plaintiffs for the state torts and state constitutional violations under the doctrine of *respondeat superior.*

61. The Individual Defendants violated Plaintiffs' rights to be free from false arrest, restraint, confinement, loss of liberty, unreasonable search and seizure, and due process of law under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

62. No reasonable police officer would believe that the actions of the Individual Defendants were lawful.

## SECOND CLAIM FOR RELIEF

### Excessive Force, Assault and Battery under 42 U.S.C. § 1983 (Individual Defendants) and New York State Law (all Defendants)

63. Plaintiffs repeat and reallege each and every allegation contained in the preceding paragraphs as if fully set forth herein and further alleges as follows.

64. Under the circumstances, the Individual Defendants used objectively unreasonable and excessive force against Plaintiffs before and after their arrests and when restraining them and confining them.

65. The Individual Defendants caused physical injuries to Plaintiffs.

66. The Individual Defendants acted intentionally, recklessly and negligently.

67. The Individual Defendants intended to cause physical contact with Plaintiffs.

68. The contact was harmful and offensive to a reasonable person.

69. The Individual Defendants acted unlawfully, and without privilege or authority.

70. The Individual Defendants acted against Plaintiffs' conscious will, against their voluntary agreement, and without their consent.

71. The Individual Defendants acted individually, in concert, and conspired together within the scope of their authority, and under color of law.

72. The Individual Defendants committed the state torts of excessive force, assault, and battery in violation of the laws of the State of New York.

73. The City Of New York is liable to Plaintiffs for the state torts under the doctrine of *respondeat superior*.

74. The Individual Defendants violated Plaintiffs' rights to be free from excessive force, undue restraint, loss of liberty, unreasonable search and seizure, and to due process of law under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

75. No reasonable police officer would believe that the actions of the Individual Defendants were lawful.

## THIRD CLAIM FOR RELIEF

**Malicious Prosecution, Fabrication of Evidence and Deprivation of Liberty under 42 U.S.C. § 1983 (Individual Defendants) and New York State Law (all Defendants)**

76. Plaintiffs repeat and reallege each and every allegation contained in the preceding paragraphs as if fully set forth herein and further alleges as follows.

77. The Individual Defendants caused the initiation and continuance of criminal proceedings against Plaintiffs Erick Almonte Espinal; Juan Fraylin Almonte Espinal; Juan Adonis Almonte Espinal; Ana Miranda Almonte Espinal; Juan Ramon Almonte Diaz; and Jhoan Alberto Marchena Gomez including fabricating a false account and/or drafting false police reports, summonses, and/or other reports to be used and relied upon by prosecutors in the wrongful prosecution of these Plaintiffs in violation of Plaintiffs rights under the Fourth, Fifth, and Fourteenth Amendments to the U.S. Constitution and the Constitution of the State of New York.

78. There was no probable cause for the criminal proceeding against Plaintiffs, and the Individual Defendants knew it.

79. The prosecution was unaware of the false and fabricated evidence.

80. The prosecution terminated in Plaintiffs' favor when the charges for Erick Almonte Espinal; Juan Frailyn Almonte; Ana Miranda Almonte Espinal; Juan Ramon Almonte Diaz; and Jhoan Alberto Marchena Gomez were dismissed on July 25, 2024 and the charges for Juan Adonis Almonte Espinal were dismissed on a separate date.

81. The Individual Defendants acted willfully and with actual malice.

82. The Individual Defendants acted individually, in concert, and conspired together within the scope of their authority, and under color of law.

83. Consequently, the Individual Defendants are liable to Plaintiffs under 42 U.S.C. § 1983.

84. And the City Of New York is liable to Plaintiffs under New York state law for the actions of the Individual Defendants under the doctrine of *respondeat superior*.

85. No reasonable police officer would believe that the actions of the Individual Defendants were lawful.

## FOURTH CLAIM FOR RELIEF

### Negligent Hiring, Training, Supervision, Retention, and Discipline under New York State Law (Defendant City of New York)

86. Plaintiffs repeat and reallege each and every allegation contained in the preceding paragraphs as if fully set forth herein and further alleges as follows.

87. Defendant City Of New York is liable to Plaintiffs because of its intentional, deliberately indifferent, careless, reckless, and/or negligent failure to adequately hire, train, supervise, retain and discipline its agents and/or employees employed by the NYPD, including the Individual Defendants, with regard to the duties and actions described above.

## FIFTH CLAIM FOR RELIEF

### Intentional and Negligent Infliction of Extreme Emotional Distress Under New York Common Law (all Defendants)

88. Plaintiffs repeat and reallege each and every allegation contained in the preceding paragraphs as if fully set forth herein and further alleges as follows.

89. The Individual Defendants acting individually, in concert, and conspiring together within the scope of their authority, and under color of law engaged in outrageous and extreme conduct, utterly intolerable in a civilized society, and thereby intentionally and negligently caused extreme emotional distress to Plaintiffs.

90. Defendant City Of New York is liable to Plaintiffs under New York state law for the actions of the Individual Defendants under the doctrine of *respondeat superior*.

## JURY DEMAND

91. Plaintiff hereby demands trial by jury of all issues properly triable thereby.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff demands the following relief jointly and severally against all the defendants:

    a.    Compensatory damages in an amount to be determined at trial;

    b.    Punitive damages in an amount to be determined at trial;

    c.    Reasonable attorneys' fees and costs of this litigation; and

    d.    Such other relief as this Court deems just and proper.

Dated:    New York, New York
             June 17, 2025

Respectfully submitted,

//s//

_____

GLENN A. GARBER
23 Broadway, Suite 2307
New York, New York 10279
(212) 965-9370

14