# GLENN A. GARBER, P.C.

THE WOOLWORTH BUILDING
233 BROADWAY, SUITE 2370, NEW YORK, NY 10279

## ATTORNEYS AT LAW

TEL: 212-965-9370   FAX: 212-965-9375
WWW.GLENNGARBER.COM

GLENN A. GARBER
(ADMITTED IN NY & NJ)

May 5, 2026

**BY ECF**
Honorable Katherine P. Failla
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re:     *Almonte Espinal et al v. O'Connor et al - 25-cv-05089-KPF*

Dear Judge Failla:

Plaintiffs submit this this letter in lieu of a formal motion to amend the complaint.

The proposed amendment adds the names of the individual defendant police officers and to include one additional claim for violations of N.Y.C. Admin. Code §§ 8-801 to 8-807.[1]

The original complaint named Officer O'Connor and Sergeant Pena as defendants but did not include their first names.  It also named Officer "Jeselsom" as a defendant.  Through discovery, we have since discovered that his name is Evan Jeselson.  The original complaint named the remaining officers as "unknown police officers."  The City disclosed the names of all officers who they believed to be involved in the case.  As such, we are now in a position to name all officers and attempt to serve them.

The additional claim is one unreasonable search and seizure in violation of N.Y.C. Admin. Code §§ 8-801 to 8-807. It is based on existing facts, and there is no change to the narrative. We are within the three-year statute of limitation for this claim.

The Court issued a scheduling order pursuant to Local Civil Rule 83.10 requiring Plaintiffs to file any amendments within six weeks of the City's answer.  The City filed their answer on October 10, 2025.  However, it did not disclose the names of the individual officers involved in the incident until December 9, 2025.

 "The Court should freely give leave when justice so requires."  FRCP 15(a)(2). "The Rule in this Circuit has been to allow a party to amend its pleadings in the absence of a showing by the non-movant of prejudice or bad faith." *Block v. First Blood Associates,* 988 F.2d 344, 350 (2d Cir.1993). Flexibility, guided by these principles, should apply even where Plaintiff misses a deadline.

---

1 Attached as Exhibit A is the proposed amended complaint with redline edits to show the amendments.

# GLENN A. GARBER, P.C.

## ATTORNEYS AT LAW

GLENN A. GARBER
(ADMITTED IN NY & NJ)

THE WOOLWORTH BUILDING
233 BROADWAY, SUITE 2370, NEW YORK, NY 10279
TEL: 212-965-9370   FAX: 212-965-9375
WWW.GLENNGARBER.COM

Here, amending the complaint primarily involves the straightforward matter of correctly identifying the individual defendant police officers so that they can be properly served.

Plaintiffs received the names of the individual defendant police officers on December 9, 2025.  Shortly thereafter on December 27, 2025, Plaintiffs filed a motion to consolidate this docket and docket 25-CV-04100-PAE (Dkt. Entry 15 on 25-CV-04100-PAE).  In that consolidation motion, Plaintiffs noted the names of the individual defendant police officers and identified the misconduct each was alleged to have committed to the point possible given the discovery thus far. It was our intention to seek to amend the complaint after the motion was decided, and if consolidation was granted to serve only one complaint. The thinking was to conserve resources and minimize the burden on the defendants and the court. The motion to consolidate was denied by Judge Engelmayer on April 2, 2026 (Dkt. Entry 27 on 25-CV-04100-PAE).

The case is still young, we are still in discovery, depositions have not yet been conducted, the City was on notice of who the officers are and will likely represent them, there was certainly no bad faith or attempt to gain an unfair advantage, and under the circumstances there is no undue prejudice. The matter has been referred for mediation, which the Plaintiff's and the City are pursuing notwithstanding the motion to amend. Allowing the motion to amend now will cause it to run in tandem with mediation and not lead to unnecessary delay.

For the forgoing, Plaintiffs request that the Court's permission to amend the complaint at this time.

The case was recently reassigned after we reached out on to the Office of the Corporation Counsel on this matter and the issues raised herein. We spoke to the newly assigned, ACC John Carnevale, last week and he plans to oppose our motion to amend.

Respectfully,


Glenn A. Garber
Attorney for Plaintiffs


cc: All counsel by email and ECF