

**THE CITY OF NEW YORK**
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, N.Y. 10007

**STEVEN BANKS**
*Corporation Counsel*

**JOHN CARNEVALE**
*Assistant Corporation Counsel*
Tel.: (212) 356-2415
Fax: (212) 356-3509
jcarneval@law.nyc.gov

May 13, 2026

**BY ECF**
Honorable Katherine P. Failla
United States District Judge
United States District Court
Southern District of New York
40 Foley Square, Room 2103
New York, New York 10007

    Re: *Almonte Espinal, et al v. O'Connor, et al.*
      25-cv-5089 (KPF)

Dear Judge Failla:

   I am an Assistant Corporation Counsel in the Office of Steven Banks, Corporation Counsel of the City of New York, and counsel for Defendants in the above-referenced matter. Defendants respectfully submit this letter in opposition to Plaintiffs' request for leave to amend the complaint. (ECF No. 35).

   Defendants do not oppose a limited amendment correcting the names or spellings of officers already identified in the original complaint, including Police Officer Christopher O'Connor, Police Officer Evan Jeselson, and Sergeant Nelson Pena. Defendants also do not dispute that, as a general matter, a plaintiff may seek leave to substitute named officers for previously unidentified defendants. Plaintiffs' proposed pleading, however, is not limited to those corrections. It seeks to add more than twenty individual defendants and a new statutory claim under New York City Administrative Code §§ 8-801 to 8-807, while continuing to plead the underlying facts against "Defendant Police Officers" collectively.

   The proposed amendment should not be permitted in its present form. The amended complaint lists numerous officers in the caption and party allegations, yet it does not identify what each proposed defendant allegedly did. Plaintiffs do not allege which officer stopped the vehicle, which officer arrested which plaintiff, which officer allegedly used force against which plaintiff, which officer conducted any search, which officer prepared any allegedly false paperwork, or which officer had a realistic opportunity to intervene. Instead, the proposed pleading relies on undifferentiated references to "NYPD/Defendant Police Officers." That approach does not provide

the proposed individual defendants with fair notice of the claims against them and does not adequately plead personal involvement as to each newly named officer.

The timing of the request reinforces that concern. Local Civil Rule 83.10 permits a plaintiff, without leave of Court, to amend a complaint to name additional defendants within six weeks after the first defendant files an answer. Defendants filed their Answer on October 10, 2025. Plaintiffs state that the City disclosed the names of officers believed to be involved on December 9, 2025. Plaintiffs did not seek leave to amend until May 5, 2026. Defendants do not suggest that Plaintiffs acted in bad faith, and Defendants appreciate Plaintiffs' explanation that a consolidation motion was pending during part of that period. Nevertheless, the proposed amendment is now before the Court on a request for leave, and the Court may properly consider whether the amendment is appropriately tailored and whether the proposed pleading fairly frames the claims.

The proposed Administrative Code claim should also be denied. Plaintiffs acknowledge that the claim is "based on existing facts" and that "there is no change to the narrative." (ECF No. 35 at p.1) The proposed claim therefore does not rest on newly discovered facts or information obtained in discovery. It is a new statutory theory, including a separate theory of municipal liability under the Administrative Code, based on allegations available when the original complaint was filed. Adding that claim now, together with the proposed addition of numerous individual defendants, would unnecessarily broaden the pleadings and complicate the posture of the case.

For these reasons, Defendants respectfully request that Plaintiffs' motion be denied as proposed. In the alternative, if the Court is inclined to permit amendment, Defendants respectfully request that leave be limited to correcting the names or spellings of officers already identified in the original complaint.

Respectfully submitted,

*/s/ JCarnevale*

John Carnevale
*Assistant Corporation Counsel*
Special Federal Litigation Division

cc:    *All Parties via ECF*

2